Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE W. LINDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2664 | **DATE** | 4/19/2012 |
| **CASE TITLE** | Jerome Myers (#2011-1223048) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                              **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs and by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he has been assigned to sleep on the floor despite medical issues that preclude such accommodations; he further contends that he is constantly being bitten by ants as he sleeps.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his inmate trust account and no income in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee **(CONTINUED)**

mjm

is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the plaintiff may have an actionable claim under the Civil Rights Act if his medical needs and the pest infestation are serious enough to implicate the Constitution. However, the plaintiff has not named a proper defendant.

The court discerns no basis for liability on the part of any of the named defendants. The City of Chicago cannot be held liable for problems at a county facility. The Cook County Jail is not, itself a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Nor can supervisory officials at the jail be held responsible under the facts alleged. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

It should also be noted that sleeping on the floor is not, alone, enough to state a constitutional claim. "[B]eing assigned to sleep on a mattress on the floor is not itself enough to give rise to a claim of punishment." *Gibson v. Ramsey*, No. 99-3315, 2004 WL 407025, *5 (N.D. Ill. Jan. 29, 2004) (Gettleman, J.), citing *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D. Ill. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 759 (N.D. Ill. 1993); *see also Lage v. Thompson*, No. 08-1293, 2010 WL 2697152, *4 (C.D. Ill. Jul. 7, 2010) (Baker, J.). Unless the plaintiff can establish that his medical needs foreclosed sleeping on the floor and/or that the sleep assignment caused undue exposure to pests, he should not pursue a suit under 42 U.S.C. § 1983, which provides a vehicle for redress only of violations of constitutional magnitude. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff decides to pursue his claims, he should submit an amended complaint naming as defendants those individuals with direct, personal involvement in the matters he complains of. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003); *Tesch v. County of Green Lake*, 157 F.3d 465, 475-76 (7th Cir. 1998). In other words, the plaintiff should name those officers to whom he has complained about his medical issues and being bitten by ants but who have allegedly taken no action.

The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra
**(CONTINUED)**

**STATEMENT (continued)**

copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

      The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.